United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 31, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 03-60392
Summary Calendar

———————

SANDRA L. KAMONT,

Plaintiff - Appellant,

versus

TOGO  WEST, JR., Head of the Department of Veterans Affairs,
DEPARTMENT OF VETERANS AFFAIRS,
UNITED STATES OF AMERICA,

Defendants - Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:99-CV-570BrR
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]


        Plantiff-Appellant Sandra Kamont (Kamont), proceeding *pro se*, alleges that she

was discriminated against by her former employer, Defendant-Appellee Department of Veterans

Affairs (VA); Defendant-Appellee Togo West, Jr. (West), the Former Secretary of Veterans

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Affairs; and Defendant-Appellee the United States of America (collectively Defendants). Kamont filed six complaints with the Equal Employment Opportunity Commission (EEOC) alleging that she was discriminated against based on disability, reprisal for filing previous complaints with the EEOC, failure to accommodate her disability, and harassment with the purpose of forcing her to resign. While the first three of her EEOC charges were pending, Kamont filed for bankruptcy. She did not list her discrimination claims on the schedule of assets in her bankruptcy petition, as she was required to do. The district court granted West's motion to dismiss or for summary judgment based on judicial estoppel, holding that Kamont was estopped from pursuing her discrimination claims since she swore in her bankruptcy petition that she had no claims.

Kamont argues that Defendants should not be allowed to raise the equitable defense of judicial estoppel at this late date as they, and the district court, knew about the bankruptcy at the inception of this case – two and half years prior to the motion. She also argues that she was not aware of the requirement to list her discrimination claims in the bankruptcy petition and that since judicial estoppel is an equitable remedy, it should take into account her ignorance of the law. Finally, she argues that the equitable remedy would be to allow her case to proceed.

Kamont began work for the VA in 1984 as a File Clerk, GS-3, step 3. She was promoted three times, becoming a Patient Service Assistant, GS-5, step 5 in 1991. She was injured on the job in September 1997 and April 1998 and was granted leave without pay on both occasions. Due to her injury, Kamont required accomodation. In order to place her in a position consistent with her physician's restrictions, the VA downgraded Kamont in 2000 to a GS-2 position, but her pay was retained at GS-5 step 8. She accepted the position under protest. On October 26, 2001, Kamont resigned.

2

Kamont filed a series of administrative employment complaints with the EEOC against Defendants in connection with her injury and downgrade. The dates on which she filed the complaints and the dates that the EEOC issued a Final Agency Decision (FAD) on them are as follows:

First complaint:          filed October 1, 1997          FAD issued July 30, 1999

Second complaint:     filed April 1, 1998              FAD issued September 24, 1999

Third complaint:         filed August 15, 1998         FAD issued April 5, 2001

Fourth complaint:       filed September 20, 1999    FAD issued May 30, 2001

Fifth complaint:          filed February 17, 2001      FAD issued March 18, 2002

Sixth complaint:         filed October 16, 2001        the record does not show when or if the EEOC issued a FAD on this complaint

Kamont and her husband, Joseph Kamont, who was identified as her representative in each of the EEOC complaints, filed a joint voluntary petition for bankruptcy under Chapter 7 on June 29, 1999. In a statement of financial affairs filed with the bankruptcy petition, Kamont declared under penalty of perjury that she had no suits or administrative proceedings pending. Kamont never amended her petition to include any of her administrative complaints of employment discrimination. Kamont says she was suffering from work-related stress and depression at the time she filed her bankruptcy and only signed the complaints and schedules prepared by her attorney and her husband. The Kamonts's debts of $39,108.73 were discharged in bankruptcy on December 6, 1999.

Kamont filed suit *pro se* in federal district court on her discrimination claims on December 17, 1999. Kamont later obtained legal counsel, and he entered a second amended complaint on

3

August 29, 2001. On December 6, 2002, the district court entered a Minute Entry Order allowing West to submit a motion to dismiss or for summary judgment based on judicial estoppel. The district court then granted West's motion on March 13, 2003.

Judicial estoppel is an equitable doctrine within the district court's discretion, so it is reviewed for abuse of discretion. *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999). We apply federal law where judicial estoppel is applied based on a debtor's failure to disclose assets in violation of the federal Bankruptcy Code. *Id.*

A debtor is required to disclose all potential claims in a bankruptcy petition. *See* 11 U.S.C. § 521(1). A debtor must amend her schedules if circumstances change. *Coastal Plains,* 179 F.3d at 208. When a debtor fails to disclose a pending or potential claim in her bankruptcy petition, she is judicially estopped from bringing that claim later. *Id.* at 210.

Kamont argues that as an equitable remedy, judicial estoppel needed to be raised sooner, and the Court cannot, in equity, address it now. There is, however, no requirement that equitable defenses be raised early in the proceedings. Furthermore, a motion for summary judgment may be made by a defendant "at any time."[1]  Fed. R. Civ. P. 56(b). It was not an abuse of discretion for the district court to allow West to file his motion in 1992.

Kamont also argues that the district court should have considered her ignorance of the law, because a court in equity should consider all the circumstances, not just the strict rules of the law. She says she had a legal aid lawyer who spent less than hour with her, that she was in court before the bankruptcy judge for less than ten minutes, and that she simply did not understand what was happening. We noted in *Coastal Plains* that many courts require that "the party to be

---

[1]The district court treated the motion as a motion for summary judgment.

estopped must have acted intentionally, *not* inadvertently," in order for judicial estoppel to apply. *Coastal Plains,* 179 F.3d at 206 (emphasis in original). We found, however, that based on the importance of full disclosure in bankruptcy, "in considering judicial estoppel *for bankruptcy cases*, the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims *or* has no motive for their concealment." *Id.* at 210 (emphasis in original). A lack of awareness of the statutory disclosure duty is simply not relevant to the question of judicial estoppel. *Id.* at 212. Kamont therefore must show that she was unaware of the facts giving rise to her claim, not of her duty to report her claim. This she cannot do.

Finally, Kamont argues that the Court should provide equitable justice. She says she is requesting equitable relief, but her only claim is for monetary damages. Equitable relief refers to the type of remedy sought, not to the merits of the case. *See* BLACK'S LAW DICTIONARY 1297 (7th ed. 1999). Kamont does not now work for the VA, so she has no claim for injunctive relief against it.

The doctrine of judicial estoppel thus applies to bar those of Kamont's claims that she failed to disclose in her bankruptcy proceeding. Kamont's first three complaints filed with the EEOC were pending when she filed for bankruptcy, and they are estopped based on her disavowal in the bankruptcy petition of having any claims. Kamont filed her fourth claim while the bankruptcy was pending, triggering a duty to amend her bankruptcy petition. *See Coastal Plains,* 179 F.3d at 208. As she did not amend her petition, that claim is also estopped. Kamont filed her last two EEOC complaints after her discharge in bankruptcy and after filing suit in this case. She

never amended her complaint with the district court to include those EEOC complaints,[2] however, so they are not part of this case.

For the foregoing reasons, we find that the district court properly granted the motion to dismiss or for summary judgment.

AFFIRM.

---

[2]Kamont amended her complaint in 2001, specifically including the four previous EEOC complaints, but these two complaints were not yet ripe at the time of the amended complaint, as the EEOC had not yet issued a Final Agency Determination on either one.